**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-50112 |
| Plaintiff-Appellee, | |
| v. | D.C. No. CR 18-00240-PSG |
| RAYVON HEARNS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Phillip S. Gutierrez, District Judge, Presiding

Submitted November 20, 2020**
Pasadena, California

Before:  CALLAHAN and BUMATAY, Circuit Judges, and PRESNELL,***
District Judge.

Rayvon Hearns appeals his conviction following a bench trial for being a

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

felon in possession of a firearm with ammunition, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.    Hearns' Motion to Suppress

Hearns challenges the district court's denial of his motion to suppress the firearm and ammunition. We review a district court's denial of a motion to suppress de novo and factual findings for clear error. *United States v. Lustig*, 830 F.3d 1075, 1079 (9th Cir. 2016). We review a reasonable suspicion determination de novo and "findings of historical fact for clear error and giv[e] 'due weight to inferences drawn from those facts by resident judges and local law enforcement officers.'" *United States v. Cotterman*, 709 F.3d 952, 968 (9th Cir. 2013) (en banc) (quoting *Ornelas v. United States*, 517 U.S. 690, 699 (1996)). "The determination of whether a seizure exceeded the bounds of [an investigatory] stop and became a *de facto* arrest is reviewed de novo." *United States v. Edwards*, 761 F.3d 977, 981 (9th Cir. 2014) (brackets in original) (quoting *United States v. Miles*, 247 F.3d 1009, 1012 (9th Cir. 2001)).

Hearns argues that the physical evidence should have been suppressed because the anonymous 911 call did not provide the arresting officers with reasonable suspicion. Whether a police officer possesses a reasonable suspicion to

initiate a *Terry* stop[1] depends "upon both the content of the information possessed by police and its degree of reliability." *Navarette v. California*, 572 U.S. 393, 396–97 (2014) (quoting *Alabama v. White*, 496 U.S. 325, 330 (1990)). Where an officer relies on an anonymous tip in making a stop, the tip must demonstrate "sufficient indicia of reliability" to support a reasonable suspicion. *Id.* at 397 (quoting *White*, 496 U.S. at 327). The 911 call here demonstrated "sufficient indicia of reliability" because it: (1) was based on eyewitness knowledge; (2) was made contemporaneously with the incident given the caller's real-time description of Hearns' location; (3) was made using a 911 emergency system capable of recording and tracing the call; (4) described ongoing and dangerous conduct; and (5) provided detailed information regarding Hearns' description and location which was corroborated by the officers' observations. *See id.* at 399–402; *Florida v. J.L.*, 529 U.S. 266, 271 (2000). Therefore, the 911 call provided the officers with reasonable suspicion to detain Hearns.

Hearns argues in the alternative that even if the officers had reasonable suspicion, their actions converted the stop into an arrest for which they lacked probable cause. This Court considers the totality of the circumstances in

---

[1] According to *Terry v. Ohio*, the "Fourth Amendment permits brief investigative stops . . . when a law enforcement officer has 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *Navarette v. California*, 572 U.S. 393, 396 (2014) (quoting *United States v. Cortez*, 449 U.S. 411, 417–18 (1981)).

determining if or when an investigatory stop became an arrest. *Washington v. Lambert*, 98 F.3d 1181, 1185 (9th Cir. 1996). That includes:

> [B]oth the intrusiveness of the stop, i.e., the aggressiveness of the police methods and how much the plaintiff's liberty was restricted . . . and the justification for the use of such tactics, i.e., whether the officer had sufficient basis to fear for his safety to warrant the intrusiveness of the action taken.

*Id.* (citations omitted). While the officers' display of their firearms and handcuffing of Hearns were intrusive measures not normally part of a *Terry* stop, they did not convert the stop into an arrest. *See id.* at 1188–89. Based on the 911 call, the officers had a reasonable suspicion that Hearns was armed at the time of the arrest and had recently "waved around" his firearm in a public setting. Brandishing a firearm, unprovoked, in a public setting, is highly threatening behavior which justified the intrusive and precautionary procedures taken by the officers. These measures, therefore, did not convert Hearns' stop into an arrest. *See Edwards*, 761 F.3d at 982.

## II. The District Court's *Rehaif* Error

As a preliminary matter, the Government requests on appeal that we take judicial notice of Hearns' state court conviction records in considering Hearns' *Rehaif* claim. (Doc. 26). Although we generally do not consider facts outside the trial record, we "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to

matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (citation omitted). We review this request for plain error because Hearns did not object to the absence of the records at trial. *Id.* Because the records are the proper subject of judicial notice and declining to take judicial notice would "merely be delaying the inevitable," the Court grants the Government's uncontested motion. *See id.*

No plain error resulted from the indictment's failure to allege and the district court's failure to find the knowledge element of a prosecution under 18 U.S.C. § 922(g) as established in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (holding that the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."). This Court reviews for plain error an insufficient indictment and an incorrect legal standard claim[2] raised for the first time on appeal. *United States v. Johnson*, 2020 WL 6268027, at *3 (9th Cir. 2020). Under plain error review, relief is not warranted unless "(1) there was an error, (2) the error is clear or obvious, (3) the error affected [the defendant's] substantial

---

[2] Hearns frames his argument as a "sufficiency of the evidence" claim. This Court recently held in *United States v. Johnson*, --- F.3d ---, 2020 WL 6268027 (9th Cir. 2020) that an identical claim was "best understood not as a challenge to the sufficiency of the evidence, but rather as a claim that the district court applied the wrong legal standard in assessing his guilt—specifically, by omitting the knowledge-of-status element now required under *Rehaif.*" *Id.* at *3.

rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citing *United States v. Benamor*, 937 F.3d, 1182, 1188 (9th Cir. 2019)).

Hearns has not satisfied the fourth prong of the plain error standard, which requires him to "offer a plausible basis for concluding that an error-free retrial might end more favorably." *Id.* at *4; *see also Benamor*, 937 F.3d at 1189. The record on appeal indicates that Hearns had two previous felony convictions for which he was sentenced to concurrently serve sixteen months of imprisonment on one count and three years on the other and actually served at least two years in prison on those convictions. *See Johnson*, 2020 WL 6268027, at *5 (holding that we may "review the entire record on appeal—not just the record adduced at trial"). Since this evidence would establish Hearns' knowledge of his status as a convicted felon, he cannot show that an error free retrial would end more favorably. Accordingly, the error did not seriously affect the fairness, integrity, or public reputation of the judicial proceeding.

**AFFIRMED.**